UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD WHITT, JR., <br><br> Petitioner, <br><br> v. <br><br> PAT GLEBE, <br><br> Respondent. | Case No. C11-43-RSL-BAT <br><br> **REPORT AND RECOMMENDATION** |

Edward Whitt Jr., a Washington State prisoner, has filed a pro se 28 U.S.C. § 2254 habeas corpus petition seeking relief from his 2006 convictions for first degree rape, robbery, and kidnapping. Dkt. 6. Whitt presents the following three claims:

> (1) "Whether if the United States Supreme Court decisions has jurisdiction over this matter."
>
> (2) "Whether if Mr. Whitt received the Constitutional requirement to assistance of counsel."
>
> (3) "Whether if Mr. Whitt's due process rights were violated at sentencing due to the fact that his trial counsel wasn't present.

Dkt. 6 at 6-9. The Court has reviewed Whitt's petition and the record and finds claims 1 and 2 lack merit, and claim 3 is unexhausted. Accordingly, the Court recommends Whitt's habeas petition be **DENIED** and this action **DISMISSED** with prejudice.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

Whitt was convicted of first degree rape, robbery, and kidnapping in King County Superior Court Case No. 04-1-13818-0. Dkt. 14, ex. 1. The Washington State Court of Appeals summarized the facts regarding Whitt's convictions as follows:

> On the night of October 23, 2003, B.E. left work and drove to her home in Kent. When she arrived home, B.E. was suddenly confronted by an armed man, who had been hiding in the back of her vehicle the entire time. During the next hour or so, the man, who was wearing a hooded sweatshirt and bandana, forced B.E. to drive to new locations where he then robbed and raped her. The man eventually got out of her car. B.E. immediately went to a nearby gas station and called police. When officers arrived at the scene, B.E. was visibly upset and crying.
>
> A subsequent search of the area proved fruitless. B.E. was unable to identify her attacker. But police collected a DNA sample of her attacker from B.E.'s pants at the hospital and sent it to the Washington State Crime Lab for DNA (deoxyribonucleic acid) testing and analysis. The information concerning the unknown male profile was eventually submitted into the Combined DNA Index System (CODIS), a nationwide convicted felon database. It did not match any then known profiles.
>
> In November 2004, law enforcement officials became aware that the DNA profile of Edward Whitt matched the DNA sample taken from B.E.'s pants. His profile had been included in the database because of his conviction for attempting to elude a pursuing police vehicle. Further investigation revealed that Whitt had lived within a block of where B.E. worked at the time of the attack.
>
> The State charged Whitt with one count of rape in the first degree, one count of robbery in the first degree, and one count of kidnapping in the first degree. The jury convicted him as charged.
>
> At sentencing, the trial court imposed the required maximum sentence of life in prison [footnote 1 omitted] and a minimum standard range term of 171 months on the rape count. Concluding that Whitt's robbery and rape convictions arose from separate and distinct criminal conduct, the court sentenced Whitt to serve 68 months on the kidnapping to run consecutively to the rape sentence. Whitt also received a concurrent standard range sentence of 102 months on his robbery conviction. This appeal followed.

Dkt. 14, Ex. 2, Opinion, *State v. Whitt*, Court of Appeals Cause No. 57982-7-I, at 1-3.

Whitt appealed and the Washington Court of Appeals affirmed. *Id.*, exs. 2, 3. Whitt then

REPORT AND RECOMMENDATION - 2

sought review, which the State Supreme Court denied.  *Id*., ex. 7.  Whitt subsequently filed a personal restraint petition (PRP) which was dismissed by the state court of appeals.  *Id.* ex. 9-10.  Whitt sought review in the state supreme court.  *Id.,* ex. 12.  A commissioner of that court denied review, and the state supreme court denied Whitt's motion to modify the commissioner's ruling.  *Id.* exs. 13, 15.  On January 10, 2011, the Court received Whitt's petition for writ of habeas corpus under 28 U.S.C. § 2254.

## DISCUSSION

**1.     Standard of review**

This Court may grant a habeas corpus petition regarding claims that were adjudicated on the merits in state court only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

A state court ruling is contrary to clearly established federal law if the state court either arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court decision is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*. at 413.  To be an unreasonable application of Supreme Court precedent, the state court's decision must be "more than incorrect or erroneous."  *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005).  Rather, it must be objectively unreasonable. *Lockyear v. Andrade*, 538 U.S. 63, 69 (2003).

REPORT AND RECOMMENDATION - 3

In determining whether a state court decision was based on an unreasonable determination of the facts in light of the evidence, a federal habeas court must presume that state court factual findings are correct.  28 U.S.C. § 2254(e)(1).  A federal court may not overturn state court findings of fact "absent clear and convincing evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  When applying these standards, a federal habeas court reviews the "last reasoned decision by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

**2.   Whitt failed to exhaust claim 3**

A state prisoner must show he has exhausted all available state court remedies before seeking a federal writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  To exhaust state remedies, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review and any intermediate state appellate court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  To "fairly present" a claim, a prisoner must present it to the state's highest court to provide that court "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275-278 (1971) (internal quotation marks and citations omitted).

Respondent argues Whitt failed to exhaust claim 3 because it was not presented to the highest state court.  Dkt. 11 at 7.  Whitt contends, in claim 3, he was denied due process because trial counsel was not present at his sentencing hearing.  Dkt. 6 at 9.  Whitt raised this specific argument in the PRP he filed in the state court of appeals.  Dkt. 14, ex. 9 at 14.  He failed, however, to present this argument to the Washington State Supreme Court in his motion for review.  *Id*., ex. 12.  Instead, his motion for review stated:

REPORT AND RECOMMENDATION - 4

> It is ever so clear that Mr. Whitt was deprived of not the assistance of counsel, because this he was afforded, however, Mr. Whitt was deprived of effective assistance of counsel pre-trial, during trial and at sentencing.  The sentencing portion comes into play of when Mr. Whitt was found guilty of the charged crime, this enhanced his sentence, however if Mr. Whitt would have been afforded an effective assistance of counsel, reasonable doubt comes into play of whether could have Mr. Whitt been acquitted from the alleged crimes or would he only have been found guilty of a far lesser offense?

*Id*. ex. 12 at 6.  This argument presents a different claim than the claim before the Court.  This argument alleges trial counsel was ineffective by failing to obtain acquittals of the crimes for which Whitt was found guilty and that this failure affected the sentence Whitt received.  The claim before the Court, however, alleges trial lawyer's absence violated his right to due process.

To properly exhaust a claim, the claim before a federal habeas court must be the same claim that was presented to the state courts.  It is not enough that all the facts necessary to support a prisoner's federal claim were before the state courts or that a somewhat similar state law claim was made.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court."  *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  Here, the claim Whitt presented to the state supreme court does not include all the facts he now presents to this court, and also rests on a different legal theory.  Whitt thus falls far short of meeting the requirement that a habeas petitioner must fairly present his federal claims to the highest state court before seeking federal habeas relief.  As the claim 3 is unexhausted, it is not properly before the Court and should be dismissed.[1]

---

[1] In addition to being unexhausted, the claim lacks merit. The state court of appeals found although trial counsel was not present at sentencing, Whitt was represented by another lawyer from trial counsel's firm.  Both trial counsel and sentencing counsel signed and submitted a sentencing memorandum on behalf of Whitt challenging the state's recommended sentence and

REPORT AND RECOMMENDATION - 5

Because Whitt did not fairly present claim 3 to the Washington Supreme Court, the claim is unexhausted. In some cases, a petitioner who has failed to exhaust a federal claim can return to state court to exhaust the claim. However, if a state rule bars the petitioner from presenting those claims in state court, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Washington law bars a prisoner from filing a petition for post-conviction relief more than one year after the prisoner's judgment becomes final. *See* Wash. Rev. Code § 10.73.090. Whitt's convictions became final on November 3, 2008 when the United States Supreme Court denied Whitt's petition for certiorari. *See Whitt v. Washington*, 129 S. Ct. 490 (2008). Because more than one year has passed since finality of his convictions, Whitt is now barred from presenting his unexhausted claim to the state courts. In addition, because Whitt has previously presented a PRP to the state courts, the state courts are unlikely to entertain another such petition. *See* Wash. Rev. Code § 10.73.140. Accordingly, claim 3 is unexhausted and procedurally defaulted and should be dismissed.

**3.    Claim 1 should be dismissed for failure to state a claim**

Whitt articulates ground 1 for relief as follows:

> WHETHER IF THE UNITED STATES SUPEREME COURT DECISIONS HAS JURISDICTION OVER THIS MATTER.
>
>  When the United States Supreme Court interprets the United States Constitution that decision and interpretation is not merely persuasive authority, their decision becomes binding, in other words, it becomes the law of the land. Therefore, since Washington state is within the jurisdiction of the United States, then the United States Supreme Court decisions and interpretation of the United States Constitution applies to this case.

---

opposing imposition of consecutive sentences for the various counts of conviction. Under these circumstances, the state court concluded Whitt's bare and conclusory allegations were not sufficient grounds for relief. Dkt. 14, ex. 11 at 3-4.

REPORT AND RECOMMENDATION - 6

1  Dkt. 6 at 6.  This argument does not state a claim for habeas relief and should be dismissed.

2  **4.     Whitt has failed to show he was denied effective assistance of counsel**

3  In claim 2, Whitt contends he was denied effective assistance of counsel by his trial

4  lawyer's failure to "propose a lesser included jury instructions in the defense" for no strategic

5  reason.  The Sixth Amendment guarantees a criminal defendant the right to the effective

6  assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A petitioner alleging

7  ineffective assistance of counsel has the burden to show that (1) counsel's performance was

8  deficient, and (2) the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.

9  To establish deficient performance, a petitioner must show that counsel's performance fell

10 below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  There is a strong

11 presumption that counsel's performance fell within the wide range of reasonably effective

12 assistance.  *Strickland*, 466 U.S. at 689.  In order to prevail on an ineffective assistance of

13 counsel claim, a petitioner must overcome the presumption that counsel's challenged actions

14 might be considered sound trial strategy.  *Strickland*, 466 U.S. at 689.

15 To establish prejudice, a petitioner "must show that there is a reasonable probability that,

16 but for counsel's unprofessional errors, the result of the proceeding would have been different.

17 A reasonable probability is a probability sufficient to undermine confidence in the outcome."

18 *Strickland*, 466 U.S. at 694.  The reviewing court need not address both components of the

19 inquiry if the petitioner makes an insufficient showing on one component.  *Strickland*, 466 U.S.

20 at 697.  Furthermore, if the court considers both components, there is no prescribed order in

21 which to address them.  *Strickland*, 466 U.S. at 697.

22 Respondent argues the state court reasonably determined Whitt failed to show counsel's

23 failure to request a lesser included offense instruction was deficient.  The state court of appeals

REPORT AND RECOMMENDATION - 7

rejected Whitt's claim because he failed to show he was entitled to a lesser included offense instruction. Concluding this failure doomed Whitt's claim, the court stated:

> Whitt argues that his trial counsel was ineffective for failing to request a lesser included offense instruction and that his appellate counsel was ineffective for failing to raise an ineffectiveness claim based on his trial counsel's failure to request such an instruction. Whitt does not, however, identify what lesser included offense instruction or instructions he claims should have been requested. In order for a defendant to be entitled to a lesser included offense instruction, the party requesting the instruction must meet a two-prong inquiry: (1) all of the elements of the lesser offense must be a necessary element of the charged offense; and (2) the evidence must support an inference that the lesser crime was committed. *State v. Stevens*, 158 Wn.2d 304, 410, 143 P.3d 817 (2006). Whitt's failure to identify what lesser included offense instruction or instructions he claims his counsel should have requested makes it impossible to determine whether Whitt would have been entitled to the instruction or instructions he claims should have been requested. It is, accordingly, impossible to review Whitt's claim of ineffective assistance relating to a lesser included offense instruction. And, he is not entitled to relief based on his bare and conclusory assertions. *Webster,* 74 Wn. App. at 833.
>
> Moreover, Whitt has made no showing to rebut the strong presumption that his counsel, both trial and appellate, rendered effective assistance and made all significant tactical decisions in the exercise of reasonable professional judgment. He makes no showing that counsel's decision not to request lesser included offense instructions was not a legitimate trial tactic.

Dkt. 14, ex. 11, at 2-3.

The Washington Supreme Court also rejected this claim, stating:

> Mr. Whitt contends that defense counsel was ineffective in not requesting a lesser included offense instruction. The acting chief judge properly would not consider that claim because Mr. Whitt failed to identify what instruction should have been given. Here, Mr. Whitt claims he was entitled to a lesser included offense instruction on the rape charge. [court's footnote 1. Mr. Whitt does not reassert other ineffectiveness claims raised and rejected in the Court of Appeals.] But he fails to show that he would have been entitled to a lesser included offense instruction on that charge even if his counsel had requested one. *See State v. Stevens*, 158 Wn.2d

REPORT AND RECOMMENDATION - 8

> 304, 410, 143 P.3d 817 (2006) (evidence must support inference that only lesser crime was committed). Mr. Whitt's claim of ineffectiveness thus fails. *See In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251-52, 172 P.3d 335 (2007) (petitioner must show counsel's deficient performance and resulting prejudice).

Exhibit 13, at 1-2.

The state courts are the final arbiters of their own laws. This Court must defer to a state court's interpretation of its own laws unless the court's interpretation is untenable or is a subterfuge to avoid federal review of a constitutional violation. *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990). The state court of appeals rejected the claim because Whitt presented nothing showing he was entitled to a lesser jury instruction under state law, and thus counsel was not ineffective for failing to request such an instruction. The state court's rejection of the claim is consistent with clearly established federal law as determined by the United States Supreme Court.

The Supreme Court recognizes that a criminal "defendant is entitled to an instruction on a lesser included offense if (1) "the elements of the lesser offense are a subset of the elements of the charged offense," *Schmuck v. United States*, 489 U.S. 705, 716 (1989) and (2) "the evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, (1973).

Here, however, Whitt failed to identify what lesser instruction should have been given. He failed to establish there were grounds to support the giving of lesser included jury instructions. He failed, in short, to show there was any reason for counsel to request a lesser included offense instruction. Habeas relief is thus not available. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000) (state trial court's refusal give lesser included instructions proper because evidence to support either such instructions was lacking). In short, the Court finds under the circumstances

REPORT AND RECOMMENDATION - 9

of this case, the state court's rejection of Whitt's effective assistance of counsel claim was reasonable, supported by the facts and the law, and should not be disturbed.

**5.   Evidentiary Hearing**

It is within the Court's discretion to determine whether an evidentiary hearing should be conducted. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). An evidentiary hearing is not required when a petitioner's allegations do not state a claim for relief. *U.S. v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal citations and quotations omitted). As Whitt's claims fail to state a claim for relief or are unexhausted, an evidentiary hearing is not required.

**6.   Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Whitt is not entitled to a certificate of appealability with respect to any of the claims asserted in his petition. Whitt should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

**CONCLUSION**

For the foregoing reasons, the Court recommends (1) Whitt's habeas petition be **DENIED** and this case **DISMISSED** with prejudice, and (2) a COA should not be issued. A proposed

REPORT AND RECOMMENDATION - 10

1  order accompanies this Report and Recommendation.

2      DATED this 30th day of March, 2011.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11